UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CLARK DERRICK FRAZIER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.: 2:18-cv-00172 |
| ) | REEVES/CORKER |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] The matter is before the Court on Respondent's motion to transfer the petition as second or successive [Doc. 13]. Petitioner has filed a response in opposition to this motion in which he asserts that he should be allowed to proceed in this matter because his underlying judgment and conviction are illegal and void and he has no way to pursue his claims in state court, thereby resulting in a miscarriage of justice [Doc. 15].

In its motion, Respondent requests that the Court transfer this matter to the United States Court of Appeals for the Sixth Circuit because Petitioner seeks to attack the same convictions underlying Petitioner's previous § 2254 petition that the United States District Court for the Middle District of Tennessee dismissed as time-barred and for which the Sixth Circuit denied Petitioner a

---

[1] Petitioner frames his filing as a Rule 60(b) motion for relief from the state court judgment against him and/or a petition for relief under the All Writs Act, 28 U.S.C. § 1651 [Doc. 2 p. 1]. As Petitioner seeks to attack a state court judgment against him, however, his claim is governed by § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (holding that where a prisoner challenges the fact or duration of his confinement, his sole remedy is a petition for habeas corpus); *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) ("all petitions filed on behalf of persons in custody pursuant to State court judgments" must be filed under § 2254 and "are subject to its restrictions").

certificate of appealability [Doc. 13 p. 2]. *See* Civil Case No. 2:10-CV-114, *Frazier v. Lindamood* (M.D. Tenn. Feb. 2, 2010); No. 10-6016 (6th Cir. April 1, 2011). Respondent also notes that the Sixth Circuit has subsequently denied Petitioner leave to file a second or successive petition regarding these convictions on two occasions [*Id.*]. *See In re: Clark Derrick Frazier*, No. 12-5394 (6th Cir. Feb. 11, 2013); *In re: Clark Derrick Frazier*, No. 17-5098 (6th Cir. July 12, 2017). Petitioner's response [Doc. 15] does not dispute this, nor does it set forth any facts from which the Court could find that the § 2254 petition is not second or successive.

Further, Respondent correctly asserts that when a petitioner files a second or successive petition in the district court without authorization from the court of appeals, the district court is to transfer the file to the court of appeals, which will construe the petition as a request for authorization under § 2244(b)(3). *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court finds that the § 2254 petition filed in this case is a second or successive petition subject to § 2244(b)(3). The Court has not received an order from the Sixth Circuit authorizing the Court to consider the pending motion. As such, Respondent's motion to transfer [*Id.*] will be **GRANTED** and the Clerk will be **DIRECTED** to transfer this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631, *id.*, and to close this case.

**AN APPROPRIATE ORDER WILL ENTER.**
**E N T E R:**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**